UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-110-1-BO
No. 7:10-CV-23-BO

| | |
|---|---|
| SAUL LOPEZ VELASCU, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | O R D E R |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. For the reasons below, Petitioner's Motion to Vacate is DENIED. Respondent's Motion for Summary Judgment is GRANTED.

## BACKGROUND

On December 15, 2008, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base (crack), and a quantity of marijuana, in violation of 21 U.S.C. § 846; possession with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base (crack), and a quantity of marijuana, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) and 924. Petitioner was sentenced on March 16, 2009, to the statutory mandatory minimum of 120 months.

On March 18, 2009, Petitioner signed an "Acknowledgment of Appellate Rights and

Election Regarding Appeal," in which Petitioner expressed his decision not to appeal. Petitioner has not filed a notice of appeal. On February 10, 2010, Petitioner filed the instant motion seeking collateral review of his conviction pursuant to 28 U.S.C. § 2255. Petitioner makes three claims: (1) his counsel failed to file an appeal when directed to do so; (2) his guilty plea was not knowing and voluntary; and (3) he should have received a lower sentence because of the amendments applicable to crack cocaine sentences.

## DISCUSSION

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff." A motion to dismiss under Rule 12(b)(6) can be converted into a motion for summary judgment and disposed of as provided in Rule 56, if matters outside the pleadings are presented to and not excluded by the court. *See* Fed. R. Civ. P. 12(d). When a Rule 12(b)(6) motion is converted to a Rule 56 motion for summary judgment, "all parties shall be given reasonable opportunity to present all material pertinent to such a motion." *Id.* A court may grant summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the initial burden to show the court that there is no genuine issue concerning any material fact. *See Celotex*, 477 U.S. at 325. Once the moving party has met this burden, the non-moving party may not rest on the

allegations in its pleadings. Instead, the non-moving party must set forth specific facts showing that a genuine issue of material fact exists through use of affidavits and other evidence. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257 (holding the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment").

In order to prevail in a claim for ineffective assistance of counsel, a petitioner must show that his attorney's representation fell below an objective standard of reasonableness and that, but for that deficiency, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). Failure to satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal. *Id.* at 691.

Petitioner first contends that he directed his counsel, Gail Adams, to file an appeal, but an appeal was never filed. Petitioner claims he instructed Ms. Adams to appeal the day of, or the day following his March 16, 2009 sentence. Petitioner has also submitted an affidavit from his aunt stating she instructed Ms. Adams to file notice of appeal on March 18, 2009. However, this claim is directly contradicted by the "Acknowledgment of Appellate Rights and Election Regarding Appeal" provided by the Government, and signed by Petitioner on March 18, 2009. D.E. #53-1. Even if this Court were to accept that Petitioner did request counsel to file notice of appeal on March 16 or 17, Petitioner made his intentions clear on March 18, when he signed the Acknowledgment of Appellate Rights form and explicitly initialed next to "DO NOT WISH TO APPEAL." The form specifically informed Petitioner of his right to appeal, that the appeal would need to be filed within ten days after entry of judgment, that his attorney had answered all his questions about his right to appeal, and that his attorney asked him to put his decision in writing. Therefore, Petitioner's claim is unsustainable in light of the evidence. Petitioner's first claim is DENIED.

Petitioner's second claim is that his guilty plea was not knowing and voluntary. Petitioner could have raised these issues on direct appeal but did not. A § 2255 motion cannot do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, he has procedurally defaulted on his claim that his guilty plea was not knowing, intelligently, and voluntarily entered. *See Bousley v. United States*, 523 U.S. 614, 621 (1998)("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Even if his claim was not procedurally defaulted, his claim would still fail as Petitioner can only prevail if he can show either (i) cause excusing his failure to raise the claim on direct appeal and prejudice resulting therefrom, or (ii) actual innocence. *Bousley*, at 622-24. Petitioner, while claiming actual innocence, proffers no evidence to support this claim. This Court fully informed Petitioner of his rights at his Rule 11 hearing. Petitioner acknowledged that he understood his rights, he said he was willing to waive his right to a trial and wanted to plead guilty. Petitioner then pled guilty and when this Court asked if he was in fact guilty, he answered in the affirmative. Petitioner has failed to meet his burden as to claim two and his Motion to Vacate on this claim is DENIED.

Finally, Petitioner also claimed this Court abused its discretion by failing to sentence him in accordance with the amendments applicable to crack cocaine sentences. However, Petitioner was sentenced to 120 months imprisonment, the statutory mandatory minimum and thus ineligible for any reductions that would bring him below that sentence. Accordingly, Petitioner's Motion is DENIED.

## CONCLUSION

For the reasons below, Petitioner's Motion to Vacate is DENIED. Respondent's Motion for Summary Judgment is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

SO ORDERED.

This ___ day of July, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE