IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:08-CR-110-1-BO
No.7:10-CV-23-BO

| | | |
|---|---|---|
| SAUL LOPEZ VELASCU, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This case is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. In *United States of America v. Velascu*, No. 10-7067 (4th Cir. May 18, 2011)(per curiam), the Court of Appeals vacated this Court's prior Order dismissing Petitioner's 28 U.S.C. § 2255 motion. Specifically, the Fourth Circuit found that "Velascu's claim that counsel failed to file a notice of appeal when requested to do so, if believed, states a colorable Sixth Amendment claim."[1]

## DISCUSSION

The Sixth Amendment obligates plea-counsel to file an appeal when her client requests her to do so. *United States v. Peak*, 992 F.2d 39, 41 (4th Cir. 1993). Failure to note an appeal upon timely request categorically constitutes ineffective assistance of counsel. *Peak*, 992 F.2d at 42 (holding that "a criminal defense

---

[1] The only claim considered by the Fourth Circuit and still pending before the Court is Petitioner's 6th Amendment ineffective assistance of counsel claim. Petitioner's other claims-that his guilty plea was not knowing and voluntary and that he should have received a lower sentence under guideline amendments applicable to crack cocaine sentences-have previously been adjudicated and dismissed.

attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success.").

In section 2255 actions, unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, an evidentiary hearing in open court mandatory. 28 U.S.C. § 2255(b); *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

In this case, Velascu swears under penalty of perjury that he expressed his desire to appeal and that his plea-counsel directed him to sign an Acknowledgment in order to pursue such an appeal. Velascu's statement directly contradicts his plea-counsel's sworn statement-first presented on appeal-that she informed Velascu of his right to file an appeal and that Velascu elected not to exercise that right. In order to resolve these sworn, contradictory factual assertions, the Court must receive evidence from the parties in open court.

## CONCLUSION

Accordingly, the Clerk is **DIRECTED** to schedule this matter for an evidentiary hearing so that the Court may resolve the competing allegations of Petitioner and of his plea-counsel.

The Court finds that the interests of justice and of the

2

parties demand that Petitioner be represented by counsel at the evidentiary hearing. The Office of the Federal Public Defender for the Eastern District of North Carolina is therefore **ORDERED** to appoint counsel for the Petitioner.

Appointed Counsel is hereby **ORDERED** to file a notice of appearance in this matter within thirty (30) days from the date of this Order.

**IT IS SO ORDERED**, this the 14 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE